CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUN 0 9 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE:<br>PEANUT CORPORATION OF AMERICA,<br>                                                                                                                                 *Debtor.*<br><br>FEDERAL INSURANCE CO.,<br>                                                                               *Plaintiff,*<br><br>v.<br><br>STEWART PARNELL, *et al.*,<br>                                                                   *Defendants.* | ADVERSARY PROCEEDING NO. 09-06032<br><br>CASE NO. 6:09MC00002<br><br>**<u>MEMORANDUM OPINION</u>**<br><br>JUDGE NORMAN K. MOON |

     In this Chapter 7 bankruptcy proceeding, Defendant Stewart Parnell, a former director and officer of Debtor Peanut Corporation of America ("PCA"), seeks the discretionary withdrawal of reference of an adversary proceeding with Plaintiff Federal Insurance Company ("FIC") from U.S. Bankruptcy Court. For the reasons stated below, Parnell's Motion for Withdrawal of Reference (docket no. 1) will be granted in a separate Order to follow.

## I. BACKGROUND

     On February 13, 2009, PCA initiated a Chapter 7 bankruptcy proceeding in U.S. Bankruptcy Court for the Western District of Virginia. PCA holds a directors' and officers' insurance policy with FIC. On March 19, 2009, anticipating that demands for payments under the directors' and officers' policy would exceed the $1 million maximum aggregate liability limit as a result of allegations that certain peanut products manufactured by PCA contained salmonella, FIC filed an interpleader action in Bankruptcy Court to determine the allocation of the proceeds among individuals insured

1

by the policy. In response, Parnell filed an answer, a statement of claim to the interpled funds, and counterclaims in Bankruptcy Court, and a Motion to Withdraw Reference in this Court.

Parnell asks the Court to exercise its discretion to withdraw reference of FIC's adversary proceeding on the grounds that: (1) he has filed state law counterclaims that implicate his right to trial by jury, and (2) the interpleader action is a non-core, non-bankruptcy claim. Roy Creasy, the Chapter 7 Trustee for PCA, opposes Parnell's Motion. He disputes Parnell's claim that the interpleader action is a non-core proceeding and argues that Parnell consented to Bankruptcy Court jurisdiction and thus waived his right to seek withdrawal by filing a statement of claim and counterclaims in response to the adversary proceeding. The Trustee also argues that it is not necessary or appropriate to withdraw reference at this juncture because the adversary proceeding names 109 separate defendants, only a handful of whom have been served or filed responsive pleadings. According to the Trustee, the other named defendants should be given an opportunity to weigh in on whether this Court should withdraw reference before any decision is rendered. At the June 4, 2009 hearing on this matter, counsel for David W. Royster, III and David W. Royster, IV – two of the other defendants who were recently served – agreed with Parnell that the interpleader action is a non-core proceeding but concurred with the Trustee in recommending that the Court take Parnell's Motion under advisement until the other defendants are served and respond.

As stakeholder in the interpleader action, FIC takes no position on Parnell's Motion and claims that it is willing to have the adversary proceeding resolved in Bankruptcy Court *or* this Court.

2

## II. Discussion

Federal district courts exercise original jurisdiction over all bankruptcy matters, but may refer bankruptcy proceedings to subordinate bankruptcy courts as a matter of course. *See* 28 U.S.C. §§ 157(a), 1334(a), (b). In some cases, district courts may or must withdraw reference of such proceedings in whole or in part. 28 U.S.C. § 157(d). While withdrawal of reference is mandatory when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," discretionary withdrawal may be ordered "for cause shown." *Id.* The burden of demonstrating grounds for withdrawal is on the movant. *In re U.S. Airways Group, Inc.*, 296 B.R. 673, 677 (E.D. Va. 2003).

In this case, Parnell asks that the Court exercise its discretion to withdraw reference "for cause shown." While "cause" is not defined by statute, the majority of circuits look to several different factors when determining whether discretionary withdrawal of reference is warranted:

> (i) whether the proceeding is core or non-core, (ii) the uniform administration of bankruptcy proceedings, (iii) expediting the bankruptcy process and promoting judicial economy, (iv) the efficient use of debtors' and creditors' resources, (v) the reduction of forum shopping, and (vi) the preservation of the right to a jury trial.

*Id.* at 681-82 (citations omitted).[1]

In 28 U.S.C. § 157(b)(2), Congress set forth a non-exhaustive list of examples of core proceedings. In general, "a proceeding is core under section 157 if it invokes a

---

[1] Some courts place substantial weight on the core/non-core factor, or view it as a threshold question that must be answered before analysis of the other factors may proceed. *See id.*; *Metropolitan Life Ins. Co. v. Selman*, 1998 U.S. Dist. LEXIS 7938 (W.D. Va. 1998) (construing core/non-core distinction as threshold question before analyzing other factors). Others analyze the discretionary withdrawal of reference on a case-by-case basis, weighing all of the factors presented in a particular case before rendering a decision. *See, e.g., In re U.S. Airways Group, Inc.*, 296 B.R. at 682. In this case, I will place substantial weight on the core/non-core question but consider all of the factors in reaching my ultimate conclusion.

substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re U.S. Airways Group, Inc.*, 296 B.R. at 682 (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). "[A]ny proceeding dependent on bankruptcy for its existence is a core bankruptcy proceeding." *C.F. Trust, Inc. v. Tyler (In re Peterson)*, 318 B.R. 795, 803 (E.D. Va. 2004). A non-core proceeding, by contrast, does not depend on bankruptcy law for its existence and "could proceed in another court." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

As an interpleader action brought pursuant to federal statute and rule, FIC's adversary proceeding is non-core. It does not invoke a substantive right provided by title 11, nor is it a proceeding that could arise only in the context of a bankruptcy case. And because it does not involve issues uniquely related to bankruptcy law, the interpleader action could clearly proceed in a forum outside Bankruptcy Court. While the Trustee contends that the action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate") and § 157(b)(2)(O) ("other proceedings affecting the liquidation of the assets of the estate"), the Fourth Circuit has specifically avoided resorting to "such broadly inclusive language" for fear that it would run afoul of the constitutional limitations imposed on bankruptcy court jurisdiction by the Supreme Court. *See Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 401 (4th Cir. 1992). Although PCA is named as a possible beneficiary of the directors' and officers' policy, its general creditors are not entitled to policy proceeds, and it is highly speculative that the Estate would receive any of the $1 million to be distributed in the interpleader action given the potential extent of liability faced by the individuals covered under the policy. The directors, officers, and employees of PCA have priority under the terms of the

4

policy, and all parties concede that the claims under the policy will far exceed the liability limit. Reading 28 U.S.C. § 157(b)(2)(A) and (O) as broadly as the Trustee suggests could result in almost every conceivable adversary proceeding filed in Chapter 7 bankruptcy being treated as a core claim.

Because the interpleader action is a non-core proceeding, it follows that it would be a more efficient use of the parties' and the Court's resources to withdraw the reference from the Bankruptcy Court. Although bankruptcy courts may enter final judgments and orders in core proceedings, 28 U.S.C. § 157(b), they are not permitted to do so in non-core proceedings. 28 U.S.C. § 157(c). In such cases, they must submit proposed findings of fact and conclusions of law to the district court, where they are subject to de novo review. *Id.*; *see also In re Johnson*, 960 F.2d at 399. Declining to withdraw reference in this case would essentially require litigation of the interpleader action first in Bankruptcy Court and then in this Court, thus creating needless costs and inefficiencies for both the parties and the courts. *See Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.").

Allowing the withdrawal of reference would also promote Parnell's constitutional right to a jury trial on his state law counterclaims, assuming those claims are not dismissed or ruled on as a matter of law. The Bankruptcy Court is unable to conduct a jury trial unless specially designated by this Court and granted the express consent of all the parties. 28 U.S.C. § 157(e). Parnell is unwilling to consent to a jury trial in

5

Bankruptcy Court. As a result, his counterclaims would eventually end up in this Court in any case (assuming they are not dismissed or ruled on as a matter of law). While it would certainly be possible to allow the Bankruptcy Court to resolve the pretrial issues regarding Parnell's counterclaims first, withdrawing reference at this early stage is more in keeping with the preservation of Parnell's right to a jury trial and would further promote consistency and judicial economy.

At least four of the aforementioned factors thus weigh heavily in favor of withdrawing the reference from Bankruptcy Court. FIC's interpleader action is a non-core proceeding best suited for resolution in this Court – not Bankruptcy Court. Allowing the parties to proceed in Bankruptcy Court on a non-core matter would only result in unnecessary and duplicative efforts for all involved, including the courts. Withdrawing reference is consistent with the preservation of Parnell's constitutional right to a jury trial on his state law counterclaims and would promote judicial economy.[2] In light of all these factors, Parnell has met his burden of setting forth sufficient "cause" for discretionary withdrawal.

Although the Trustee is correct to point out that many defendants have yet to be served or given a chance to respond to Parnell's Motion, taking this matter under advisement is not necessary. The legal requirements for a discretionary withdrawal of reference are not disputed, and the Court is sufficiently informed of the possible arguments both for and against withdrawal under the circumstances.[3] Several matters

---

[2] I decline to hold that, as the Trustee suggests, Parnell implicitly consented to Bankruptcy Court jurisdiction by filing a statement of claim and counterclaims in Bankruptcy Court. Those filings were made within minutes of the filing of Parnell's Motion to Withdraw Reference in this Court. They evidenced Parnell's desire to preserve his right to make such claims despite filing the Motion to Withdraw Reference – not his implicit consent to Bankruptcy Court jurisdiction.

[3] At the hearing, counsel for the Roysters asked the Court to take this matter under advisement and expressed a concern that Parnell would exhaust the policy proceeds before his clients and others are able to

relevant to the adversary proceeding are currently scheduled in the Bankruptcy Court, and further delay pending additional responses would risk the inefficient duplication of time and effort by the parties and the courts. Accordingly, I will exercise my discretion to withdraw reference of this adversary proceeding from Bankruptcy Court and grant Parnell's Motion in a separate Order to follow.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, Mr. Creasy, and to the U.S. Bankruptcy Court for the Western District of Virginia.

Entered this 9th day of June, 2009.

                                                    NORMAN K. MOON
                                                  UNITED STATES DISTRICT JUDGE

---

receive payments from the policy. Because the policy determines the order of who gets paid based on pre-determined trigerring conditions, however, I find the proferred reason for further delay to be unpersuasive.